No. 23-20410

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

IN THE MATTER OF SERTA SIMMONS BEDDING, L.L.C.,
*Debtor*.

CAMERON THIERRY,

*Appellant*,

v.

SERTA SIMMONS BEDDING, LLC
*Appellee*.

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas, No. 23-AP-090020
On Direct Review from the United States District Court for the
Southern District of Texas, Nos. 23-CV-02173, 23-CV-01482

BRIEF FOR APPELLANT

Cameron M. Thierry
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE
*Pro Se* Litigant for Appellant
Cameron Thierry

## CERTIFICATE OF INTERESTED PERSONS

The undersigned *Pro Se* litigant certifies that, to the best of his knowledge, in accordance with 5th Circuit Rule 28.2.1, the following listed persons and entities have or may have an interest in the outcome of this case. These representations are made in order that the judges of the Court may evaluate possible disqualification or recusal.

**1. Debtors:**

Dawn Intermediate, LLC

Serta Simmons Bedding, Inc. (as successor to Serta Simmons Bedding, LLC)

Serta International Holdco, LLC

National Bedding Company L.L.C.

SSB Manufacturing Company

The Simmons Manufacturing Co., LLC

Dreamwell, Ltd.

SSB Hospitality, LLC

SSB Logistics, LLC

Simmons Bedding Company, LLC

Tuft & Needle, LLC

Tomorrow Sleep LLC

SSB Retail, LLC

World of Sleep Outlets, LLC

**2. The members of the Unsecured Creditors' Committee:**

Leggett & Platt, Inc.

Sinomax-USA, Inc.

BakaertDeslee USA Inc.

Carpenter Co.

Ryder Truck Rental Inc.

Joshua Brooks

**3. Any entity that is an active participant in the proceeding:**

Cameron Thierry (Appellant)

Serta Simmons Bedding, Inc. (as successor to Serta Simmons Bedding, LLC) (Appellee)

**4. Any other entity known to the declarant whose stock or equity value could be substantially affected by the outcome of the proceeding:**

None known.

**5. Counsel to the parties or entities identified in the above four categories:**

**COUNSEL TO THE PARTIES LISTED ON THE FOLLOWING PAGE**

| Appellee Debtors | Counsel |
|---|---|
| Dawn Intermediate, LLC<br>Serta Simmons Bedding, LLC<br>Serta International Holdco, LLC<br>National Bedding Company L.L.C.<br>SSB Manufacturing Company<br>The Simmons Manufacturing Co., LLC<br>Dreamwell, Ltd.<br>SSB Hospitality, LLC<br>SSB Logistics, LLC<br>Simmons Bedding Company, LLC<br>Tuft & Needle, LLC<br>Tomorrow Sleep LLC<br>SSB Retail, LLC<br>World of Sleep Outlets, LLC | Weil, Gotshal & Manges LLP<br><br>• Gregory Silbert<br>• Ray C. Schrock<br>• David J. Lender<br>• Luna Barrington<br>• Alexander W. Welch<br>• Richard D. Gage<br>• Taylor B. Dougherty<br>• Joseph R. Rausch<br>• Daniel Lifton<br>• Nicholas J. Reade<br>• Gabriel A. Morgan<br>• Stephanie N. Morrison |

| Appellant Cameron M. Thierry | Counsel |
|---|---|
| Cameron M. Thierry | *Pro Se* Litigant |

| Official Committee of Unsecured Creditors | Counsel |
|---|---|
| Leggett & Platt, Inc.<br>Sinomax-USA, Inc.<br>BekaertDeslee USA Inc.<br>Carpenter Co.<br>Ryder Truck Rental Inc.<br>Joshua Brooks | Kelley Drye & Warren LLP<br><br>• Eric R. Wilson<br>• Jason R. Adams<br>• Lauren S. Schlussel<br>• Philip D. Robben<br>• Sean T. Wilson |

Respectfully submitted this 18th day of April, 2024.

*Signature of Pro Se Litigant for Appellant on Following Page*

iii



CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE

Pro Se Litigant for Appellant
Cameron Thierry

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully asserts that the issues presented by this appeal are adequately addressed by the written submissions showing that the Bankruptcy Court failed to apply correctly bankruptcy law and abused its discretion by i) denying Cameron M. Thierry relief from the automatic stay (**ROA.100019**), and further by ii) not modifying the Plan's injunction provision (**ROA.101698-101714**) nor Confirmation Order (**ROA.101715-101770**) with an exception to provide his prepetition discrimination lawsuit relief from discharge per the Plan. While not specifically requested, Appellant would be pleased to have the opportunity for oral argument if the Court finds that it would be beneficial or necessary, as the matter involves complex issues of bankruptcy law and factually intensive assertions.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons…………………………………………i

Statement Regarding Oral Argument…………………………………….v

Table of Contents…………………………………………………vi

Table of Authorities…………………………………………………..viii

Jurisdictional Statement ……...……………………………………….1

Statement of the Issues ………………………………………………..1

Statement of the Case …………………………………………....3

Summary of the Argument ..……………………………………….14

Standard of Review…….………………………………………...16

Argument……………………………………………………………18

    I. Bankr. Court Erred in denying Thierry Relief from the
Automatic Stay …………………………………………………..19

        A. *Sonnax Factors* Application in Favor Relief
Sought for Appellant ………………………………….......19

           i. Appellant Procedural Due Process Rights
Barred …………………………………………..…...19

           ii. Color on Lack of Adequate Protection
Under 11 U.S.C. § 362(d) ……...……………....…21

           iii. Appellee's EPLI Ins. Supersedes Bankruptcy
Adjudication for Parties ...………………………....22

           iv. Appellant's Civil Rights & U.S. EEOC
Protections Violated …………………………..…….23

    II. Bankr. Court Erred in Confirming Plan with Thierry
Not Similarly Situated as Other Class 6B Creditors…………….......26

        A. Four Stay Factors Application in Favor of
Relief Sought for Appellant …………………….…….26

           i. Appellant Misclassed Under the Bankr.
Code in Confirmed Plan …………………………..26

           ii. Appellant Has a Substantial Case on the

**Page**

Merits of an Appeal …………………………...……...28

iii. Appellant Will Suffer Irreparable Injury
If His Relief Sought is Denied…………………………..28

iv. No Party Will Suffer Injury If Appellant's
Relief Sought Is Granted……………………………...29

v. The Public Interest Favors Appellant's
Relief Sought…………………………...………………...30

Conclusion…………………………………………………………………30

Addendum……………………………………………………………..1a

Certificate of Service……………………………………………..1b

Certificate of Compliance………………………………………...…2b

# TABLE OF AUTHORITIES

**Cases**      **Page(s)**

*Thierry v. Serta Simmons Bedding, LLC*, Case No. 1:23-cv-00279 (MHC) (JEM) (N.D. Ga.) (2023) ..... 5

*Serta Simmons Bedding, LLC, et al.*, Case No. 23-90020 (DRJ) (Bankr. S.D. Tx.) (2023) ..... 5

*In re Citadel Equity Fund v. Serta Simmons Bedding, LLC*, Case No. 23-90021 (5th Cir. Jul 14, 2023) ..... 12

*Ad Hoc Grp. of Vitro Noteholders v. Vitro S.A.B. de C.V. (In re Vitro S.A.B. de C.V.)*, 701 F.3d 1031, 1042 (5th Cir. 2012) ..... 16

*In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.), cert. denied, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989) ..... 16

*In re Bogdanovich*, No. 00-CV-2266, 2000 WL 1708163, at *4 (S.D.N.Y. Nov. 14, 2000) ..... 16-17

*In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997) ..... 16-17

*Sears, Roebuck, and Co. v. Spivey*, 265 B.R. 357, 364 (E.D.N.Y. 2001) (citing Cooter Gell v. Hartmax Corp., 496 U.S. 384 (1990) ..... 17

*Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) ..... 17

*Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015) ..... 17

*In re Quinlivan*, 434F.3d 314, 318 (5th Cir.2005) ..... 17

*In re T- H New Orleans Ltd. P'ship*, 116 F.3d at 801 ..... 17

*Suggs v. Stanley (In re Stanley)*, 224 F. App'x 343, 346 (5th Cir. 2007) ..... 17

**Cases**                                                                      **Page(s)**

*AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d
391, 402 (5th Cir. 2001)                                                           17

*Nkenglefac v. Garland*, 34 F.4th 422, 427 (5th Cir. 2022)                         18

*United States v. Asibor*, 109 F.3d 1023, 1032, 1037 (5th Cir. 1997)               18

*Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)                  18

*n re Wiley*, 581 B.R. 441, 446 (Bankr. D. Md. 2018); In re River
Vill. Assocs., 181 B.R. 795, 809 (E.D. Pa. 1995)                                   19

*Mathews v. Eldridge*, 424 U.S. 319 (1976)                                         20

*In re Morrissey v. Brewer*, 408 U.S. 471 (1972)                                   20

*Joint Anti-Fascist Comm. v. McGrath*, 341 U. S. 123, 341 U. S. 168
(1951)                                                                             20

*United Savings Association of Texas v. Timbers of Inwood Forest
Associates, Ltd.*, 484 U.S. 365 (1988)                                             21

*In re Panther Mountain Land Development, LLC*, 438 B.R. 169, 190
(Bankr. E.D. Ark. 2010)                                                            22

*In re Endocopy Center of Southern Nevada, LLC*, 451 B.R. 527
(Bankr. D. Nev. 2011)                                                              22

*In re Cini*, 2012 WL 2374224 (Bankr. D. Mont. 2012)                               22

*In re Pintlar Corporation*, 124 F.3d 1310 (9th Cir. 1997)                         22

*See, In re Todd Shipyards Corp.*, 92 B.R. 600, 603
(Bankr.D.N.J.1988)                                                               22-23

*In re Unioil*, 54 B.R. 192, 195 (Bankr.D.Colo. 1985)                              23

*In re UNR Industries, Inc.*, 54 B.R. 266, 269 (Bankr.N.D.Ill. 1985)               23

*In re Rabin*, 53 B.R. 529, 532 (Bankr.D.N.J. 1985)                                23

| Cases | Page(s) |
|---|---|
| *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr.N.D.Ohio 1984) | 23 |
| *In EEOC v. Tim Shepard M.D., PA d/b/a Shepherd Healthcare*, 17-CV- 02569 (N.D. Tex. Oct. 11, 2018) | 24 |
| *In Drew v. Liberty Mut. Ins. Co.*, 480 F.2d 69 (5th Cir. 1973) | 24 |
| *In re General Telephone Company of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 326, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980) | 25 |
| *In re Tex. Equip. Co.*, 283 B.R. at 227 (citing Arnold v. Garlock Inc., 278 F.3d 426, 438–39 (5th Cir. 2001) | 28-29 |
| *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) | 29 |
| *Sw. Airlines Co. v. Transp. Workers Union of Am. AFL-CIO Loc. 555*, 2018 WL 2317710, at *2 (N.D. Tex. May 22, 2018) | 29 |
| *In re Friendship Diaries*, 2014 WL 527232, at *2 (Bankr. N.D. Tex. Feb. 10, 2014) | 29 |
| *In re Fiesta Inn & Suites, LP*, 2009 WL 5195961, at *3 (Bankr. W.D. Tex. Dec. 21, 2009); Order at *1, In re ATP Oil & Gas (Bankr. S.D. Tex. June 27, 2013) | 29 |
| *In re Herrera*, 2010 WL 148182, at *3 (Bankr. W.D. Tex. Jan. 8, 2010) | 29 |
| *In re Westwood Plaza Apartments, Ltd.*, 150 B.R. 163, 169 (Bankr. E.D. Tex. 1993) | 29 |
| *Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982) | 29 |
| *See Klobotos Props., LLC v. Thomas*, 2021 WL 2953687, at *5 (E.D. Tex. Mar. 1, 2021) | 30 |
| *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) | 1a |

**Cases**                                                                    **Page(s)**

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax
Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)                              1a

*In re Russell v. Harris Cty.*, 2021 WL 2637576, at *2 (S.D. Tex.
June 25, 2021)                                                                  2a

*Nken v. Holder*, 556 U.S. 418, 425–26 (2009)                                  2a

| **Statutes** | **Page(s)** |
|---|---|
| 11 U.S.C. § 101 | 5 |
| 11 U.S.C. § 105(a) | 9 |
| 11 U.S.C. § 361 | 21 |
| 11 U.S.C. § 362 | 21 |
| 11 U.S.C. § 362(a) | 6, 21 |
| 11 U.S.C. § 362(b) | 15, 18 |
| 11 U.S.C. § 362(b)(4) | 24, 2a |
| 11 U.S.C. § 362(d) | 2, 6-9, 15-16, 18, 21, 2a |
| 11 U.S.C. § 362(d)(1) | 21, 24-25 |
| 11 U.S.C. § 502 | 9 |
| 11 U.S.C. § 523(a)(6) | 11, 28 |
| 11 U.S.C. § 524 | 28 |
| 11 U.S.C. § 1122(a) | 11, 26, 3a |
| 11 U.S.C. § 1123 | 11, 16, 18, 28 |
| 11 U.S.C. § 1123(a)(4) | 26 |
| 11 U.S.C. § 1129 | 9, 11, 16, 18 |
| 11 U.S.C. § 1129(a)(1) | 15, 28, 1a |
| 11 U.S.C. § 1129(b)(2)(B) | 11, 27, 3a |
| 11 U.S.C. § 1141 | 28 |

| **Statutes** | **Page(s)** |
|---|---|
| 18 U.S.C. § 1621 | 13 |
| 28 U.S.C. § 1334 | 1, 8 |
| 28 U.S.C. § 157 | 1, 8 |
| 28 U.S.C. § 158(a)(3) | 8 |
| 28 U.S.C. § 158(d) | 13 |
| 28 U.S.C. § 158(d)(2)(A) | 1, 18, 1a |
| 28 U.S.C. § 1746 | 13 |
| 28 U.S.C. §157(d) | 8 |
| 42 U.S.C. § 1981 | 5, 23-24 |
| 42 U.S.C. § 2000e | 23-24 |
| 42 U.S.C. § 2000e-5(g)(1) | 25 |

| **Rules** | **Page(s)** |
|---|---|
| Fed. R. App. P. Rules 3 | 8 |
| Fed. R. App. P. Rules 4 | 8 |
| Fed. R. Bankr. P. Rule 3007 | 9 |
| Fed. R. Bankr. P. Rule 3021 | 9 |
| Fed. R. Bankr. P. Rule 8004(d) | 8 |
| Fed. R. Bankr. P. Rule 8004(e) | 8 |
| Fed. R. Bankr. P. Rule 8022 | 8 |
| Fed. R. Bankr. P. Rule 9023 | 9 |
| Fed. R. Bankr. P. Rule 9023 | 8 |
| Fed. R. Civ. P. Rule 59(e) | 8 |

| **Other Regulations** | **Page(s)** |
|---|---|
| 5th Circuit Rule 28.2.1 | i |
| Title VII of the Civil Rights Act of 1964 | 5, 23-24 |
| Bankr. Local R. for S.D. Tx. Rule 3007-1 | 9 |
| *Sonnax Factors* | 1a-2a |
| Four Stay Factors | 2a |

## JURISDICTIONAL STATEMENT

The Bankruptcy Court entered an Order denying Appellant relief from the automatic stay on April 5, 2023 (the "**April 5th Order**"), to which Appellant timely filed an Amended Motion for Reconsideration thereof, then subsequently entered its Memorandum Decision on June 6, 2023, thereby indirectly yet effectively denying Thierry relief from the automatic stay again, and/or denying Thierry relief from the Plan's injunction provision, and ultimately entered the Confirmation Order on June 14, 2023. Appellant timely filed his notice of appeal of the Automatic Stay Order on April 19, 2023, and amended his notice of appeal to add the Memorandum Decision and Confirmation Order on June 22, 2023. On August 22, 2023, Appellant filed his notice of appeal for direct appeal to this Court, while contemporaneously filing his Motion for Permission to Appeal *In Forma Pauperis* and Affidavit in Support thereof, in light of this Court previously granting petition for direct review to fellow appellants in the district court case. On January 23, 2024, the district court entered an Order granting Appellant's Motion for Permission to Appeal *In Forma Pauperis*. The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334, and this Court has jurisdiction under 28 U.S.C. § 158(d)(2)(A).

## STATEMENT OF THE ISSUES

**1.** Whether the Order issued by the bankruptcy court was premature due

to any curable deficiencies arising during the evidentiary hearing conducted on
appellant's Motion for Relief from the automatic stay under the bankruptcy code.
**2.** Whether appellant was barred his procedural due process protections
of the Fourteenth Amendment and constitutional right to sufficient procedural due
process of the law during the evidentiary hearing conducted on his Motion for
Relief from the automatic stay under the bankruptcy code. **3.** Whether the
bankruptcy court overlooked and/or misapprehended the vital facts and controlling
precedent during the evidentiary hearing conducted, and its yielding cause for
relief from the automatic stay under the bankruptcy code. **4.** Whether appellant has
sufficiently established cause under 11 U.S.C. § 362(d) for relief from the
automatic stay under the bankruptcy code to proceed with his discrimination
lawsuit. **5.** Whether appellant's discrimination lawsuit is, in any case, excepted
from the automatic stay under the bankruptcy code, or, in any case, excepted from
the subsequent Plan injunction provisions going into effect upon the effective date
of the Confirmation Order under the bankruptcy code. **6.** Whether appellant's
employment interests and rights from his discrimination lawsuit are better
protected if settled outside of the Debtors bankruptcy case proceeding with no
prejudice to the bankruptcy estate's creditors under the bankruptcy code. **7.**
Whether the bankruptcy court mistreated appellant as class 6B "adequately
protected" creditor, overlooking the extent and nature of his claim and its lingering

imminent threat to his employment interests and rights, thereby not affording

proper color to his claim and its U.S. EEOC and willful misconduct taken merits.

## STATEMENT OF THE CASE

### I. Nature of Case

Experienced manufacturing industry consumer product goods Certified

Public Accountant Mr. Cameron Thierry, Appellant, was tormented by corporate

*giants* and *machines* set against him in a discriminatory, harassing, retaliatory and

hostile work environment, as he, through grit, vigorously built out a multitude of

elaborate financial models for one of North America's largest bedding

manufacturers, Serta Simmons Bedding, LLC (the "Appellee" or "SSB")

(**ROA.99026**), becoming an employee in August 2018. Whom (SSB) after which

had Appellant *swiftly* and constructively discharged in July 2021, thereby

wrongfully terminating his employment, after his June 2021 *merited* request for his

second promotion to *Senior Finance Manager* based on his incessant, stellar, and

immaculate performance had gone unanswered. A second promotion request

coming after having surpassed a tussle for his (Mr. Thierry's) first *merited*

promoted title to *Finance Manager of* SSB's largest and very significant revenue

account *Mattress Firm*, because *even then* he did not fit the typical Corporate

(Finance) *leadership* profile at SSB (majority white and believed to be

heterosexual), yet SSB was desirous of extracting his talents. A second promotion

request blocked by the *invisible wall of discrimination*, due to Mr. Thierry being a black (African American) and *openly* gay (homosexual) male in SSB's Corporate (Finance) work environment. Just as proud of who he (Mr. Thierry) is as anybody should be (**ROA.98898**). Appellant filed his charge of discrimination against SSB with the U.S. Equal Employment Opportunity Commission (or "**EEOC**") on October 18, 2021 (**ROA.98897-99031**).

After the EEOC concluded its adjudication on the above complex matter, Appellee, a U.S. employer, received notice of the 90-day forthcoming EEOC discrimination lawsuit that was filed against it on October 24, 2022 (**ROA.98899, 98933**), thereby enabling Appellee to abuse the bankruptcy code's ordinarily afforded automatic protections over the complex matter by waiting to file petition(s) for Chapter 11 bankruptcy in order to stave off any accountability or responsibility under the applicable laws for its malicious discrimination as alleged in Appellant's EEOC discrimination lawsuit filed on January 17, 2023 - with Appellee here not filing petition(s) until January 23, 2023 by coincidence or chance, but actually, rather, intentionally *waiting at the* [*Court*] *doors*, down to the last day possible, in anticipation of being served Appellant's EEOC discrimination lawsuit. Amidst the course of the bankruptcy case's proceedings, on May 5, 2023, Appellant was issued a similar and second EEOC charge of discrimination determination and notice of right to sue his then U.S. employer subsequent to

Appellee, a position Appellee's prior executive referred Appellant for, resulting in the same EEOC determination of ***undeterminable until further review*** (**ROA.101609, 101621**).

## II. Procedural History & Background[1]

1.      Appellant filed his prepetition *Pro Se* Employment Discrimination Complaint for Damages on January 17, 2023 in the United States District Court for the Northern District of Georgia (the "**Ga. Court**") under the case *Thierry v. Serta Simmons Bedding, LLC*, Case No. 1:23-cv-00279 (MHC)(JEM) (the "**Discrimination Lawsuit**") (**ROA.98897-99031**).[2] Appellant's Discrimination Lawsuit asserts causes of action arising under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in connection with prepetition employment with Appellee between August 20, 2018 and July 28, 2021(**ROA.98900**).

2.      Just six (6) days later, on January 23, 2023, Appellee, along with its Debtor affiliates, filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101, et seq.) (the "**Bankr. Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankr. Court**") under the lead case *Serta Simmons Bedding, LLC, et al.*, Case No. 23-90020 (DRJ) (the "**Bankr. Case**") (**ROA.98773, 98776, 99635**), which also happened to be the last day Appellant could have filed his Discrimination Lawsuit in Federal Court based on the EEOC's October 24, 2022 dated discrimination charge determination

---

1   The docket sheets from the lower courts can be found within the ROA - Bankr. Case 23-90020 (**ROA.98773-98893**), district court case 4:23-cv-1482 (**ROA.97123-97124**), consolidated district court case 4:23-cv-2173 (**ROA.102183-102214**).

against, and notice of right to sue, (**ROA.98899, 98933**) the Appellee, thereby

entrapping his Discrimination Lawsuit within the Bankr. Case's proceedings.

3.      On February 9, 2023, Appellant filed his First Amended *Pro Se* Employment

Discrimination Complaint for Damages (the "**Amended Complaint**") in the Ga.

Court (**ROA.99461-99597, 99598-99613**).[2]

4.      On February 13, 2023, Magistrate Judge Honorable J. Elizabeth McBath

then issued an Order in the Ga. Court granting Appellee's Emergency Motion to

Stay, thereby staying Ga. Court case's proceedings (**ROA.99316-99328**).

5.      On February 14, 2023, Appellant filed his proof of claim in the Bankr. Case

at Claim Register No. 7, attaching his unliquidated Discrimination Lawsuit thereto

and twofold (**ROA.98894-99166**).

6.      On March 6, 2023, after having first served proper notice thereof

(**ROA.99310-99517, 99598-99613**), Appellant, an unsecured creditor, moved the

Bankr. Court for relief from the 11 U.S.C. § 362(a) stay by filing his Motion for

Relief from the Automatic Stay (the "**Motion for Relief**") on grounds that cause

exists under 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. Rule 4001, including lack

of adequate protection of Mr. Thierry's employment rights and interests after his

prepetition employment tenure with Appellee (**ROA.99630-99652**). Appellant

sought an order from the Bankr. Court terminating or modifying the automatic stay

to permit him to proceed with his Discrimination Lawsuit and exercise all asserted

---

2      Appellant seeks the following relief in his Discrimination Lawsuit: (i) General damages for mental and emotional
suffering caused by Defendant's misconduct; (ii) Punitive damages based on Defendant's willful, malicious, intentional,
and deliberate acts, including ratification, condemnation and approval of said acts; (iii) Special damages and/or
liquidated damages for lost wages and benefits and prejudgment interest thereon; (iv) Reasonable attorney's fees and

rights and remedies under applicable law with respect to the Discrimination

Lawsuit (**ROA.99646-99650**).

7.      In its Objection to the Motion for Relief, the Appellee argued on this Court's

reliance on the 12 *Sonnax Factors* for establishing whether cause exists under 11

U.S.C. § 362(d), alleging that *Sonnax Factors* 1, 2, 5, 7, 10, 11 and 12 do not

support relief from the automatic stay for Appellant (**ROA.99971-99985**).

8.      Appellant's Motion for Relief came on the Bankr. Court's calendar for an

evidentiary hearing on April 5, 2023 (**ROA.100076-100115**), but was denied by

Judge Jones' same day Order due to Appellant's alleged failure to establish cause

under 11 U.S.C. § 362(d) on behalf of "similarly situated" employees (the "**April

5th Order**") (**ROA.100019**). The conduction of the evidentiary hearing was cut

short during Appellant's opening remarks, after a barrage of so-called confusions

due to the parties "poor job of communicating" to, and with, one another, as noted

by Judge Jones (**ROA.100098:2-15**). Furthermore, while Judge Jones also noted

that Appellant's *Pro Se* Motion for Relief was the "best [he'd] ever seen"

(**ROA.100084:18-20**), the two seem to have *gotten off on the wrong foot* during

the evidentiary hearing, while Appellant was merely establishing character, despite

notably further pointing out that Judge Jones even commented that "[he] didn't

know much about [Appellant]" (**ROA.100084:18-20**). Lastly, Appellant's

evidence was only allotted judicial notice during the evidentiary hearing

---

2   expenses of litigation; (v) Trial by jury as to all issues; (vi) Prejudgment interest at the rate allowed by law; (vii) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; (viii) Injunctive relief (but not reinstatement) of back pay and front pay, and prohibiting Defendant from further unlawful conduct of the type described herein; (ix) Proper Letter of Recommendation for employment on SSB Letterhead; and (x) All other relief to which he may be entitled.

(**ROA.99999-100012, 100102-100108**).

9.     On April 18, 2023, Appellant filed a timely [Amended] Motion for

Reconsideration (the "**Am. Mot. for Recon.**") in the Bankr. Court (**ROA.100117-**

**100153**), requesting reconsideration on his denied Motion for Relief from the April

5th Order issued, pursuant to Fed. R. Bankr. P. Rule 9023 and 28 U.S.C. §§ 157

and 1334, in seek of relief under 11 U.S.C. § 362(d) and Rule 59(e) of the Fed. R.

Civ. P., on multiple grounds[3] (**ROA.100117-100153**), which notably sat idle on the

Bankr. Case's docket sheet until being deemed Moot on June 6, 2023 by default

from Judge Jones' issued Memorandum Opinion (*see* ¶ 13 below) (**ROA.101698-**

**101714**). The next day, Appellant filed a timely Notice of Appeal to the District

Court from the April 5th Order (the "**First Appeal Notice**") (**ROA.97266-97339**),

while contemporaneously filing a Motion for Rehearing in the Bankr. Court

(**ROA.100228-100303**), requesting reconsideration on his denied Motion for

Relief, pursuant to Fed. R. Bankr. P. Rule 8022, Fed. R. App. P. Rules 3 and 4, and

28 U.S.C. §§ 158(a)(3) and 157(d), in seek of further relief to alter or amend the

Bankr. Court's judgement under Rule 8004(d) and/or (e) of the Fed. R. Bankr. P.

and Rule 59(e) of the Fed. R. Civ. P., on the same grounds as stated in ¶ 9 above

from the Bankr. Court's Am. Mot. for Recon. (**ROA.100117-100153**).

10.     On May 5, 2023, Appellee filed its Opposition to Am. Mot. for Recon. in the

Bankr. Case (**ROA.98843**). This same day, the EEOC (Miami District Office)

---

3     Grounds: i) Procedural errors hindered due process of the law during the April 5, 2023 evidentiary hearing, ii) Cause
exists based on the facts and controlling precedent that was overlooked and/or misapprehended by the Bankr. Court and
iii) That the 12 *Sonnax Factor* application lies in favor of cause existing for relief from the automatic stay for Appellant.

issued Appellant a second discrimination charge determination against, and notice of right to sue, his subsequent employer after his prepetition employment with Appellee (the "**Second EEOC NRTS**") (**ROA.101609, 101621**).

11.     On May 11, 2023, Appellant filed his Objection to Confirmation of the Plan (the "**Objection**"), asserting his claim objection to confirmation of the Plan as an unsecured Class 6B creditor by requesting that the Plan or Confirmation Order first be further modified or amended to provide that (i) his Discrimination Lawsuit is found to be excepted under 11 U.S.C. § 362(d) pursuant to his Am. Mot. for Recon. or First Appeal Notice, or (ii) his Discrimination Lawsuit, in any case, is found to be excepted from the automatic stay under the bankruptcy code (**ROA.100907-100918, 101620-101628**), pursuant to 11 U.S.C. § 502, argued as Appellant's "only way [to] pursue adequate remedies on his statutory employment rights and *interests* that were violated by [Appellee]" (**ROA.100909**), in seek of relief under Sections 105(a), 362(d), 502, and 1129 of the Bankruptcy Code [11 U.S.C.], Rule 59(e) of the Federal Rules of Civil Procedure, Rules 3021, 3007 and 9023 of the Federal Rules of Bankruptcy Procedure and Rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas, on the grounds that the nature of his Discrimination Lawsuit (proof of claim) and Second EEOC NRTS are a showing of his difference from his fellow Class 6B creditors, whom are not thereby similarly situated as Appellant (**ROA.101772-101843**). On May 15, 2023,

Appellant's Memorandum of Law in Support of the Objection filed included the

evidence of the Second EEOC NRTS (**ROA.101609, 101621**).

12.    On May 18, 2023, Appellant amended his proof of claim in the Bankr. Case

at Claim Register No. 7-2, to an asserted claim amount of $1,634,150

(**ROA.99167-99305**). The amendment to the proof of claim was included as

evidence in Appellant's Witness and Exhibit List for the Confirmation Hearing

filed on May 19, 2023 (**ROA.101646-101652**).

13.    Closing remarks in Debtors plan Confirmation Hearing came the Bankr.

Court's calendar on May 25, 2023, where Appellant defended and asserted his

Objection, presenting additional new evidence, most notably the Second EEOC

NRTS his subsequent employer (**ROA.3655-3666**), after Appellee's interesting

employment referral for the job (**ROA.99491**), seeking the same relief from ¶ 11

above, while further showing his difference in predicament in the matter from his

fellow Class 6B creditors, requesting that Appellee's "*foot [be taken] of [his] neck*"

regarding his continued career interests and pursuits (**ROA.3660:19-24**), however

Appellant was denied relief again by Judge Jones in his Memorandum Opinion

issued on June 6, 2023 (**ROA.101698-101714**), given no prior or direct ruling from

the Bankr. Court being issued on Appellant's idled Am. Mot. for Recon., thereby

deeming it Moot, and discretionally ignored, pending the effective date of the

Confirmation Order (**ROA.101848-101850**).

14.     On June 14, 2023, the Debtors filed its Confirmation Order (**ROA.101715-101770**), and on June 21, 2023, Appellant filed his Motion to Extend Stay of the Effective Date of the Confirmation Order and Joinder in Motions to Stay regarding the Emergency Hearing set for the same day (the "**Stay Motion**") (**ROA.101654-101668**), requesting to be seen by the Bankr. Court as substantially different from his fellow Class 6B creditors and an exception to the Plan's *Releases & Discharges* injunction provision in further defense of his Objection, pursuant to 11 U.S. Code §§§ 1122(a), 1129(b)(2)(B) and 523(a)(6), seeking that the Bankr. Court stay the effectiveness of the Confirmation Order while his appeal from the First Appeal Notice is pending, on the grounds that application of the Four Stay Factors supported a stay of the effectiveness of the Confirmation Order as not staying it would violate 11 U.S.C. §§ 1123 and 1129 based on the distinct nature of Appellant's claim and its treatment in the Confirmation Order and Plan (**ROA.101772-101843**). During the Emergency Hearing, Appellant added color on the Four Stay Factors application as a prepetition employee of Appellee harmfully impacted (**ROA.3990-3991**). Then, on June 22, 2023, Appellant amended the First Appeal Notice by filing a second Notice of Appeal (the "**Second Appeal Notice**") to now include the Memorandum Opinion and Confirmation Order on appeal to the District Court, standing on the basis in ¶ 9 above (**ROA.101688-101868**).

15.     On June 23, 2023, the Confirmation Order became effective at noon

(**ROA.101848-101850**), and with Appellant standing on same request for relief from ¶ 11 and ¶ 14 above.

16.    On June 28, 2023, Appellant filed an [Amended] Motion for Rehearing (the "**Am. Mot. For Rehear.**") in the Bankr. Court to request further reconsiderations on the Memorandum Opinion and Confirmation Order, in addition to the April 5th Order, while including the Second EEOC NRTS as new evidence (**ROA.101873-102088**), and having the same basis as stated in ¶ 9 above.

17.    On June 29, 2023, Judge Andrew S. Hansen issued an Order to consolidate Appellant's district court appeal with Citadel Equity Fund, Ltd.'s ("Citadel") June 21, 2023 filed appeal from the Bankr. Court's Memorandum Opinion and Confirmation Order, for administration efficiency purposes (**ROA.4106-4107**).

18.    On July 12, 2023, Appellee filed an Objection to Cameron Thierry's Am. Mot. for Rehear. in the Bankr. Court (**ROA.98884**). Appellant had previously filed his [amended] designation of the contents of the record pursuant to the Second Appeal Notice on July 3, 2023 (**ROA.97948-98772**).

19.    On July 14, 2023, Citadel filed a petition in this Court requesting permission to bypass the district court and take its appeal from the Confirmation Order directly to this Court (**ROA.26220-26222**). *In re Citadel Equity Fund v. Serta Simmons Bedding, LLC*, Case No. 23-90021 (5th Cir. Jul 14, 2023) (5th Cir. ECF No. 2, "Citadel's Petition"). On July 31, 2023, this Court granted Citadel's Petition (5th

"Citadel's Petition"). On July 31, 2023, this Court granted Citadel's Petition (5th Cir. Jul 31, 2023) (5th Cir. ECF No. 27) (**ROA.26391-26393**).

20.    On August 21, 2023, Appellant filed an Opposed Motion to Stay the Briefing Schedule in the district court case (**ROA.26217-26229**), to also petition this Court seeking direct review of the April 5th Order, Memorandum Opinion and Consolidation Order in place of a review in the district court.

21.    On August 22, 2023, Appellant filed his third Notice of Appeal for direct appeal to this Court pursuant to 28 U.S.C. § 158(d) (the "**Third Appeal Notice**") (**ROA.26230-26235**), while contemporaneously filing his Motion for Permission to Appeal *In Forma Pauperis* and Affidavit in Support thereof in accordance with 28 U.S.C. § 1746 and 18 U.S.C. § 1621 (**ROA.26236-26393**), in the district court case, in light of this Court granting the Citadel Petition for direct review of the Confirmation Order (**ROA.26391-26393**).

22.    On September 1, 2023, Appellee filed its Response in Opposition to the Opposed Motion to Stay the Briefing Schedule in the district court case, arguing again for favor in application of the Four Stay Factors (**ROA.26404-26410**).

23.    On January 23, 2024, the district court entered an Order granting Appellant's Motion for Permission to Appeal *In Forma Pauperis* to this Court (**ROA.63289-63290**), thereby further deeming the pending Am. Mot. for Rehear. and Opposed Motion to Stay the Briefing Schedule in the district court Moot, giving rise to the

petition and certification in this Court from the Third Appeal Notice seeking direct review. On February 23, 2024, this Court entered an Order to supplement the ROA (**ROA.102220-102231**).

## SUMMARY OF THE ARGUMENT

This appeal arises out of the Chapter 11 bankruptcy cases of Debtor-Appellee Serta Simmons Bedding, LLC, *et al.* (the "Debtors"). Appellant is Cameron Thierry ("Cameron M. Thierry" or "Thierry"), a creditor of the Debtors. Thierry appeals the order of the United States Bankruptcy Court for the Southern District of Texas (the "**Confirmation Order**") (**ROA.101715-101770**) confirming the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (the "**Plan**") (**ROA.101772-101843**), together with the Bankruptcy Court's accompanying memorandum opinion (the "**Memorandum Opinion**") (**ROA.101698-101714**), and thereby also appeals the preceding order denying Appellant relief from the automatic stay (the "**April 5th Order**") (**ROA.100019**) (the "**Three Orders**", collectively).

Thierry appeals the Confirmation Order, and accompanying Memorandum Opinion, because upon the effective date of the Plan, it terminates the automatic stay subject to the effectiveness of injunction provisions of Sections 10.4 and 10.5 of the Plan, thereby *releasing & discharging* Appellee from Appellant's claim's prepetition discrimination lawsuit (**ROA.101828-101832**), pursuant to Sections

14

10.3 and 10.6 of the Plan, which should not have been approved under applicable provisions of the Bankruptcy Code, given the distinct circumstances surrounding Appellant's claim. The relief Thierry seeks is a lift of the automatic stay and/or modification or alteration to the Plan injunction provisions in such that his claim's discrimination lawsuit is excepted from Appellee's *releases & discharges* per the approved Plan, upon a reversal thereof, as they are legally impermissible, thereby permitting Thierry a carve-out from the Plan's *releases & discharges* to exercise his rights and remedies under the applicable laws outside of the Bankr. Court.

Given that lifting the automatic stay and/or modifying or alerting the Plan injunction provisions would not disrupt the Debtors' emergence from bankruptcy or its post-bankruptcy prospects - indeed, it would enhance them - such action is both legally warranted and equitable. By statute, a bankruptcy court may not confirm a Chapter 11 plan that violates the Code. 11 U.S.C. § 1129(a)(1). Here, the Bankruptcy Court's approval of the injunction provisions as part of the Plan violates the Bankr. Code in two related ways.

First, Appellant should have been granted relief from the automatic stay under 11 U.S.C. § 362(d) for cause, and/or under 11 U.S.C. § 362(b) for injunctive relief, in advance of confirmation of the Plan. Clearly his claims asserted EEOC discrimination lawsuit, Second EEOC NRTS, and the staggering imminent threat to his career that lingers, warrants relief, not denial, thereof. For these reasons,

Appellant should have been granted relief from the automatic stay way in advance of any order confirming the Plan.

Second, absent Appellant being granted any relief from the automatic stay at all prior, the Plan injunction provisions should have instead been modified or altered in advance of confirmation of the Plan, under 11 U.S.C. §§ 1123 and 1129, due to the distinct nature of Thierry's claim differentiating him from other Class 6B creditors he was left grouped with under the Plan upon the effective date of the Confirmation Order, whom are not found to be similarly situated as him. For these reasons, the Plan injunction provisions should have first been modified or altered prior to approval of the Plan in such that his claim's discrimination lawsuit was not subject to Appellee's *release & discharge*.

## STANDARD OF REVIEW

**1.** On direct appeal, this Court reviews decisions of a bankruptcy court under the same standard that a district court would have applied in reviewing the same decisions. *Ad Hoc Grp. of Vitro Noteholders v. Vitro S.A.B. de C.V. (In re Vitro S.A.B. de C.V.)*, 701 F.3d 1031, 1042 (5th Cir. 2012). **2.** The bankruptcy court's decision to lift the automatic stay is reviewed for an abuse of discretion. *See In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.), cert. denied, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989). **3.** A bankruptcy court's decision to lift an automatic stay pursuant to 11 U.S.C. § 362(d) is discretionary. *See In re*

*Bogdanovich*, No. 00-CV-2266, 2000 WL 1708163, at *4 (S.D.N.Y. Nov. 14, 2000) (citing *In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997)). **4.** A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings. *Sears, Roebuck, and Co. v. Spivey*, 265 B.R. 357, 364 (E.D.N.Y. 2001) (citing *Cooter Gell v. Hartmax Corp.*, 496 U.S. 384 (1990). Findings of fact may be considered clearly erroneous only if the reviewer is left with a "definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). A bankruptcy court also abuses its discretion if it commits a clear error of judgment. *See id.* We review the bankruptcy court's component findings of fact for clear error, and its conclusions of law *de novo*. *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538 (5th Cir. 2015). **5.** Conclusions of law are reviewed *de novo*, as are mixed questions of law and fact. *In re Quinlivan*, 434F.3d 314, 318 (5th Cir.2005). **6.** Although a bankruptcy court's feasibility determination is generally reviewed under the clearly erroneous standard, *In re T-H New Orleans Ltd. P'ship*, 116 F.3d at 801, the court's failure to apply the correct legal analysis is reviewed *de novo*, *Suggs v. Stanley (In re Stanley),* 224 F. App'x 343, 346  (5th Cir. 2007)*; AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) ("the clear error standard does *not* apply to findings of fact resulting from application of an incorrect legal standard."). **7.**

17

Constitutional challenges, such as due process challenges, are also reviewed *de novo*. *Nkenglefac v. Garland*, 34 F.4th 422, 427 (5th Cir. 2022) (citations omitted). We review constitutional challenges *de novo* and evidentiary decisions for abuse of discretion. *United States v. Asibor*, 109 F.3d 1023, 1032, 1037 (5th Cir. 1997). **8.** We liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

## ARGUMENT

Under 28 U.S.C. § 158(d)(2)(A), given that his pleadings effectively asserting question(s) of law with either no controlling or conflicting decisions, and the advancement of procedural efficiencies, in the instant case, Appellant seeks this Court's direct review through application of the *Sonnax Factors* and *Four Stay Factors* on whether grounds exist for relief from, and reconsideration on, the Three Orders entered by the Bankr. Court being appealed.

Appellant appeals the Bankr. Court April 5th Order's automatic stay relief denial, as the decision violates11 U.S.C. §§ 362(d) and 362(b), based on the distinct and harmful circumstances surrounding Appellant's claim against the Appellee. Appellant appeals the Bankr. Court's Confirmation Order approving the Plan and accompanying Memorandum Opinion, as the decisions stand in violation of 11 U.S.C. §§ 1123 and 1129, based on the distinct nature of Appellant's claim

and its treatment in the Plan and Confirmation Order.

Balancing the equities through application of the below *Sonnax Factors* and

Four Stay Factors, Appellant asserts that the Bankr. Court erred in denying him

relief from the automatic stay, and erred in confirming the Plan with Appellant

grouped as a class 6B unsecured creditor.

## I.      Bankr. Court Erred in denying Thierry Relief from the Automatic Stay

## A.      *Sonnax Factors* Application in Favor Relief Sought for Appellant

A review of the applicable *Sonnax Factors* to the instant case's distinct

circumstances demonstrates that a lift of the automatic stay was and is warranted.

Upon the Effective Date of the Plan, the automatic stay is terminated,

subject to the effectiveness of the injunction provisions of the Plan, thereby

mooting the request for relief from the automatic stay. *See also In re Wiley*, 581

B.R. 441, 446 (Bankr. D. Md. 2018); *In re River Vill. Assocs.*, 181 B.R. 795, 809

(E.D. Pa. 1995).

Here, without any reversal of the Confirmation Order and accompanying

Memorandum Opinion to effectuate the modification of the April 5th Order,

Appellant stands secondarily barred procedural due process on his claim subject to

the Plan's injunction provisions and Sections 10.3 *Releases* and 10.6 *Discharges*.

### i.      Appellant Procedural Due Process Rights Barred

"Procedural due process must be evaluated by using a balancing test that

accounts for the interests of the affected individual, the interest of the government in limiting procedural burdens, and the risk of erroneously curtailing individual interests under the existing procedures, as well as how much additional procedures would help reduce the risk of error." See *Mathews v. Eldridge*, 424 U.S. 319 (1976). Appellant's instant appeal attempts to remedy any procedural errors from the April 5, 2023 evidentiary Hearing conducted, which came on the Bankr. Court's calendar under his Motion for Relief, under his procedural due process protections of the Fourteenth Amendment, noting that "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *In re Morrissey v. Brewer,* 408 U.S. 471 (1972). Documented "poor comminating" prevented Appellant's evidentiary hearing from being fully administered in the Bankr. Court, with the Bankr. Court leaving Appellant's Am. Mot. for Recon. Moot upon overruling his Objection to the Plan, thereby further evading issuing direct rulings on Appellant's additional supporting pleadings and May 25, 2023 and June 21, 2023 hearing appearances.

The "**right to be heard before being condemned to suffer grievous loss of any kind**, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society." *Joint Anti-Fascist Comm. v. McGrath,* 341 U. S. 123,  341 U. S. 168 (1951) (Frankfurter, J., concurring) (emphasis added). Significant portions were omitted, or not conducted all together,

during Appellant's hearing conducted on his Motion for Relief by the Bankr.

Court, and Appellant went on also unheard otherwise in subsequent hearings

conducted.

### ii.     Color on Lack of Adequate Protection Under 11 U.S.C. § 362(d)

11 U.S.C. "Section 362(d) authorizes the bankruptcy court to grant relief

from the stay. Section 361 provides that adequate protection of an entity's interest

in property may be provided by granting such relief "as will result in the realization

by such entity of the indubitable equivalent of its interest." *See United Savings*

*Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365

(1988).

After Appellee, along with its debtor affiliates, filed a petition for

reorganization under Chapter 11 of the Code in the Bankr. Case, Appellant, an

unsecured creditor, moved the Bankruptcy Court for relief from § 362(a) stay on

the grounds that there was a lack of "adequate protection" of his interest within the

meaning of § 362(d)(1), demonstrating through his pleadings that his claim and

resultant predicament position him differently from fellow Class 6B creditors he

was grouped with under the Plan. "Adequate Protection" is a term that is used

numerous times in the Bankr. Code but is not explicitly defined. Adequate

protection is introduced in § 361 of the Bankruptcy Code and arises under the

Bankr. Code in relation to the automatic stay (§ 362). In the context of adequate

protection, a creditor seeking relief must make a prima facie showing that its interest is not adequately protected, and if it makes such a showing, the burden of proof shifts to the debtor (quotations omitted).[4]

A prima facie case is met so long as the creditor presents evidence that "its position in the collateral is in jeopardy." *In re Panther Mountain Land Development, LLC*, 438 B.R. 169, 190 (Bankr. E.D. Ark. 2010) (citations omitted). Appellant asserts such "*prima facie*" positioning and pleading in his instant appeal to this Court.

### iii.     Appellee's EPLI Ins. Supersedes Bankruptcy Adjudication for Parties

The case law clearly illustrates that the proceeds of a liability insurance policy in the place at the time the liability was incurred, are not property of the estate (unless the policy itself provides otherwise). *In re Endocopy Center of Southern Nevada, LLC*, 451 B.R. 527 (Bankr. D. Nev. 2011); *In re Cini*, 2012 WL 2374224 (Bankr. D. Mont. 2012); *In re Pintlar Corporation*, 124 F.3d 1310 (9th Cir. 1997).

Therefore, the Appellee's *Employment Practices Liability* insurance (or "**EPLI**") policy will provide Appellee adequate coverage proceeds for liability (damages) and costs associated with litigating Appellant's discrimination lawsuit. Ordinarily, litigation costs to a bankruptcy estate do not compel a court to deny stay relief. *See, In re Todd Shipyards Corp.,* 92 B.R. 600, 603 (Bankr.D.N.J.

---

4     Krause, S. C., & Zats, A. (2011). *Norton Annual Survey of Bankruptcy Law & Practice, 2011 Edition*, RECENT DEVELOPMENTS IN ADEQUATE PROTECTION UNDER SECTION 361. Retrieved 2023, from www.davispolk.com

1988); *In re Unioil,* 54 B.R. 192, 195 (Bankr.D.Colo. 1985); *In re UNR Industries, Inc.,* 54 B.R. 266, 269 (Bankr.N.D.Ill. 1985); *In re Rabin,* 53 B.R. 529, 532 (Bankr.D.N.J. 1985); *In re Bock Laundry Mach. Co.,* 37 B.R. 564, 567 (Bankr.N.D.Ohio 1984). Here, continued bankruptcy adjudication could cost Appellee an estimated $240,000 (assuming a pro rata share awarded on Appellant's asserted claim amount and $100,000 in legal fees), versus outside continued litigation costing Appellee a max of $250,000 (via its EPLI retained limit amount). An asserted difference of merely $10,000, whereby the former only results in trivial potential dollar savings for Appellee, while the latter garners grand vindication and better protects other creditor estate funds and the rights and interests of all employees and Appellant (**ROA.3657:25, 3568:1-17, 99170, 101888-101890**), thereby balancing the equities of *Sonnax Factors* 1, 2, 5, 7, 10 and 12 in favor of lifting the automatic stay for Appellant.

### iv.    Appellant's Civil Rights & U.S. EEOC Protections Violated

Appellant's discrimination lawsuit brings forth allegations on violations of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981") (or "**Civil Rights**" hereinafter), for which Appellant resultingly sustained general damages for mental and emotional suffering (among others, including employment loss), caused by Appellee's misconduct.[2]

The Bankr. Code's protections do not necessarily stave off an EEOC related action. *In EEOC v. Tim Shepard M.D., PA d/b/a Shepherd Healthcare*, 17-CV-02569 (N.D. Tex. Oct. 11, 2018), the U.S. District Court for the Northern District of Texas sided with the EEOC and concluded that the EEOC's Title VII lawsuit fell within an exception to the Bankruptcy Code's automatic stay, under 11 U.S.C. § 362(b)(4). Importantly, the ability of an individual, like Appellant, to bring a suit for injunctive relief pending an EEOC action is available in limited circumstances. *In Drew v. Liberty Mut. Ins. Co.,* 480 F.2d 69 (5th Cir. 1973), this Court stated:

> "We conclude that in the limited class of cases, such as the present, in which irreparable injury is shown and likelihood of ultimate success has been established, . . . the individual employee may bring her own suit to maintain the status quo pending the action of the [EEOC] . . ."

The *Drew* case establishes the present rule that in limited circumstances, such as in its application to the instant appeal case where Appellant has demonstrated irreparable injury and a likelihood of success, the employee may move for an injunction pending the EEOC action, which is a part of the warranted relief Appellant is seeking with his claim and Discrimination Lawsuit.

While Appellant recognizes he is not the EEOC governmental unit, and that his exceptions to the automatic stay generally fall under 11 U.S.C. § 362(d)(1), the **EEOC's policy of deterring *unlawful discrimination* should be enforced** in the instant matter at hand just the same, all premises considered, with this Court accordingly granting Appellant's appeal for the causes he has shown, as a Class 6B

General Unsecured Creditor, on his lack of adequate protection under 11 U.S.C. § 362(d)(1). At the outset, anti-discrimination laws generally provide equitable relief as a remedy. *See* 42 U.S.C. § 2000e-5(g)(1).

As the Supreme Court has stated, "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *In re General Telephone Company of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 326, 100 S. Ct. 1698, 64 L. Ed. 2d 319 (1980). Appellant's charge of discrimination against Appellee was deemed ***undeterminable until further review*** by the EEOC, in relation to violating Appellant's Civil Rights, and Appellant seeks reconsideration on the Three Orders entered by the Bankr. Court appealed now to finish where the EEOC's investigation left off, given their notice of right to sue issued.

Appellant asserts his career potential in his chosen field is clearly imminently threatened after his prepetition employment tenure with Appellee, as on May 5, 2023, the EEOC (Miami District Office) also chose to act, for a second time now on behalf of Appellant, by issuing him a second discrimination charge determination and notice of right to sue, after Appellant used Appellee's prior executive as an "interestingly notable" employment reference, and was subsequently subjected to alleged similarities in discrimination during an alleged similar employment experience, giving rise to the second EEOC issued

determination of ***undeterminable until further review***.

**II.    Bankr. Court Erred in Confirming Plan with Thierry Not Similarly Situated as Other Class 6B Creditors**

**A.    Four Stay Factors Application in Favor of Relief Sought for Appellant**

Appellant establishes grounds on the four stay factors giving rise to reconsiderations on the Bankr. Court's issued Confirmation Order and accompanying Memorandum Opinion Plan approval and effective date below.

**i.    Appellant Misclassed Under the Bankr. Code in Confirmed Plan**

Under 11 U.S. Code § 1122(a), the Bankruptcy Code does not define **"substantially similar**." This task is left to the Courts, with "**substantially similar**" construed to mean *similar in legal character or effect as a claim against the debtor's assets or as an interest in the debtor*. Therefore, given the nature of Appellant's employment discrimination lawsuit against Debtors and the resulting imminent threat to his career (**ROA.101609, 101621**), Appellant asserts his interests should not be classified together, or crammed-down, with other general unsecured Class 6B claims, or debts, of Debtors, as is pursuant to 11 U.S.C. § 1123(a)(4). Appellant asserts that fellow Class 6B creditors therein are not barred by the same imminent threat in career, and do not face the same risk to their livelihoods, as Appellant is and does, from their own separate and mostly "enterprise" relationships with Appellee, different from Appellant's "ex-employee" relationship with Appellee (once among its over 3,600 remaining

employees the Bankr. Court envisioned to save), therefore finding himself in a position that is fundamentally different from the relationships between the Appellee and their other creditors, those situated in Class 6B included.

The "fair and equitable" requirement under 11 U.S. Code § 1129(b)(2)(B) is sometimes referred to as the "absolute priority rule", and as a Class 6B creditor in this case, debars Appellant adequate recompense under his statutory rights and interests from his non-bankruptcy related matter, or employment and human rights fight with Appellee, and the resultant damages he's enduring amongst the litigation proceedings. Given the nature and distinction of Appellant's proof of claim filed, its "automatically triggered" Class 6B creditor status is not fair or equitable treatment, accordingly, and requires further intervention from this Court.

Appellant is not seeking an allowed amount on his claim through the Chapter 11 bankruptcy process, he is seeking his rightful full-receipt from his "human" damages sustained, limited only to Appellee's Employment Practices Liability Insurance ("EPLI") policy proceeds available. Therefore, Appellant roundly objects to his employment discrimination lawsuit being deemed a part of the Appellee's *Releases & Discharges* pursuant to the Confirmation Order of the Plan (**ROA.101715-101770, 101828-101832**), hereby again seeking to appeal the release of Appellee's **foot off of his neck** by this Court sustaining Appellant's Objection, instead of discharging his prepetition employment discrimination

lawsuit with the Plan, thereby allowing him to seek vindication through continued litigation outside of the bankruptcy proceedings.

11 U.S. Code § 523(a)(6) provides an exception to discharge in accordance with 11 U.S.C. §§ 524 and 1141 for "willful and malicious injury by the debtor to another entity or to the property of another entity." Appellant's $1.6 million proof of claim and employment discrimination lawsuit (**ROA.99167-99305**) demonstrates proof of Appellee's willful and malicious injury made to Appellant, which Appellant asserts as grounds for relief from discharge per the Plan, and relief from his similar treatment of other Class 6B generally unsecured creditors per the plan.

### ii.    Appellant Has a Substantial Case on the Merits of an Appeal

Appellant is appealing the Bankr. Court's Memorandum Opinion and Confirmation Order, as the decisions stand in violation of 11 U.S.C. §§ 1123 and 1129 based on the distinct nature of his claim and its treatment in the Confirmation Order and Plan.

Applying the first of the four stay factors, bankruptcy courts in the Fifth Circuit have held that a Appellant must show merely that it will present a "substantial case" or a strong case on appeal, not a "likelihood of success on the merits," where there is a close or unresolved legal question present, and the equities otherwise strongly support a stay. *In re Tex. Equip. Co.*, 283 B.R. at 227

(citing *Arnold v. Garlock Inc.*, 278 F.3d 426, 438–39 (5th Cir. 2001); *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981));[5] see also *Sw. Airlines Co. v. Transp. Workers Union of Am. AFL-CIO Loc.* 555, 2018 WL 2317710, at *2 (N.D. Tex. May 22, 2018); *In re Friendship Diaries*, 2014 WL 527232, at *2 (Bankr. N.D. Tex. Feb. 10, 2014). Appellant asserts such "substantial case" status in his appeal.

### iii.    Appellant Will Suffer Irreparable Injury If His Relief Sought is Denied

If this Court does not reverse the Confirmation Order and Memorandum Opinion, Appellant's claim will be released and discharged, a lingering risk that will constitute irreparable injury to him in his career sufficient to warrant reconsideration thereof. *See In re Fiesta Inn & Suites, LP*, 2009 WL 5195961, at *3 (Bankr. W.D. Tex. Dec. 21, 2009); Order at *1, *In re ATP Oil & Gas* (Bankr. S.D. Tex. June 27, 2013), ECF No. 2139 (The "effective loss of [the appellant's] appellate rights through prudential mootness" would qualify as an irreparable injury); *In re Herrera*, 2010 WL 148182, at *3 (Bankr. W.D. Tex. Jan. 8, 2010) (risk of equitable mootness would "satisfy the requirement of showing some irreparable injury"); *In re Westwood Plaza Apartments, Ltd.*, 150 B.R. 163, 169 (Bankr. E.D. Tex. 1993) (granting stay where "consummation of the Plan may render any challenge to the confirmation moot").

### iv.    No Party Will Suffer Injury If Appellant's Relief Sought Is Granted

If the confirmation order is reversed, no party will suffer substantial harm.

---

5    Consistent with this principle, the Fifth Circuit later articulated that where, as here, "'the balance of equities (i.e. consideration of the other three factors) is . . . heavily tilted in the movant's favor,'" the court may grant a stay provided that the issue at hand is, as here, "one with patent substantial merit." *Ruiz v. Estelle*, 666 F.2d 854, 857 (5th Cir. 1982) (citing Ruiz, 650 F.2d 555, 565–66).

The Appellee has emerged from bankruptcy *with* the uncertainty from a grotesque employment discrimination lawsuit hanging over their heads.

### v.      The Public Interest Favors Appellant's Relief Sought

In a typical case, where the parties involved are all private entities, the courts hold that the direct impact of a stay on the public interest is likely to be minimal or nonexistent, and thus this factor is often neutral. *See Klobotos Props., LLC v. Thomas*, 2021 WL 2953687, at *5 (E.D. Tex. Mar. 1, 2021). Here, Appellant's prepetition employment discrimination lawsuit claim pertains to a matter previously adjudicated by the EEOC in its effort to eradicate unlawful discrimination, and therefore actually garners the public's interest and welfare in favor of reconsideration on the Three Orders.

### CONCLUSION

For the foregoing reasons, the Confirmation Order and accompanying Memorandum Opinion entered in the Bankr. Court should be reversed to allow for a lift of the automatic stay through modification of the April 5th Order, and/or to allow for modification or alteration to the Plan injunction provisions, thereby permitting Thierry a carve-out from Appellee's *releases & discharges* to exercise all his rights and remedies under the applicable laws outside of the bankruptcy.

Respectfully submitted this 18th day of April, 2024,

*Signature of Pro Se Litigant for Appellant on Following Page*

CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE


Pro Se Litigant for Appellant
Cameron Thierry

# Addendum

# ADDENDUM OF STATUTORY PROVISIONS AND RULES

## 11 U.S.C. § 1129(a)(1)

"The court shall confirm a plan *only if* . . . [t]he plan complies with the applicable provisions of this title . . ." (emphasis added).

## 28 U.S.C. § 158(d)(2)(A)

"A court of appeals only has jurisdiction if the lower court certifies that:
(i) there is a question of law as to which there is no controlling decision or that involves a matter of public importance;
(ii) resolution of conflicting decisions is required; or
(iii) an immediate appeal may materially advance the progress of the case."

## The *Sonnax Factors*

Although the Fifth Circuit has not imposed a firm standard for determining whether cause exists for relief from the automatic stay, courts in this Circuit have relied upon a set of twelve factors, the so-called "*Sonnax Factors*," when making such assessment. *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (citing, among other cases, *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)).

**(1) whether the relief will result in a partial** or complete resolution of the issues;
**(2) lack of any connection or interference with the bankruptcy case;**
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal has been established to hear the particular cause of action;
**(5) whether the debtor's insurer has assumed full responsibility**;
(6) whether the action primarily involves third parties;
**(7) whether litigation in the other forum would prejudice the interests of other creditors**;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success would result in a judicial lien avoidable by the debtor;

**(10) interests of judicial economy and the expeditious and economical resolution of litigation;**
**(11) whether the proceedings have progressed** to the point that parties are ready for trial; and
**(12) impact of the stay on the parties and the balance of harm**.
(emphasis added to asserted portions in favor of relief from the automatic stay)

## 11 U.S.C. § 362(b)(4)

Which provides that the filing of a bankruptcy petition "does not operate as a stay" of:

> "the commencement **or continuation** of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power."

## 11 U.S.C. § 362(d)

Section 362(d) authorizes the bankruptcy court to grant relief from the stay "(1) for cause, including the lack of adequate protection of an interest in property of . . . [a] party in interest," or "(2) with respect to a stay of an act against property," if the debtor does not have an equity in such property (i.e., the creditor is undersecured) and the property is "not necessary to an effective reorganization.

## Four Stay Factors

District courts traditionally consider four factors when determining whether to grant a stay of proceedings. *See In re Russell v. Harris Cty.*, 2021 WL 2637576, at *2 (S.D. Tex. June 25, 2021) (citing Nken v. Holder, 556 U.S. 418, 425–26 (2009)).

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies."

**11 U.S. Code § 1122(a)**

Provides that, except with respect to a class of "administrative convenience" claims, a plan may place a claim or interest in a particular class "only if such claim or interest is **substantially similar** to the other claims or interests of such class."

**11 U.S. Code § 1129(b)(2)(B)**

Provides that a plan is "fair and equitable" with respect to a dissenting impaired class of unsecured claims if the creditors in the class receive or retain property of a value equal to the allowed amount of their claims or, failing that, in cases not involving an individual debtor, if no creditor or equity holder of lesser priority receives or retains any distribution under the plan "on account of" its junior claim or interest.

# CERTIFICATE OF SERVICE

I, Cameron Thierry, certify that a true and correct copy of the foregoing Brief for Appellant has been served upon all counsel of record using the Court's CM/ECF system on this 18th day of April, 2024. A copy of this motion was also emailed to all parties on this 18th day of April, 2024.

This 18th day of April, 2024.

_____
CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE


Pro Se Litigant for Appellant
Cameron Thierry

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(5)(B), (a)(6), and (a)(7)(b), I hereby certify that this brief complies with the applicable typeface, type style, and type-volume limitations. This brief was prepared using a proportionally spaced type (Times New Roman, 14 point). Exclusive of the portions exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, this brief contains 7,646 words. This certificate was prepared in reliance on the "word count" function of the word-processing system used to prepare this response.

This 18th day of April, 2024.

CAMERON M. THIERRY
1834 Drexel Blvd # 209
South Milwaukee, WI 53172
404-822-0336
cameron.thierry@gmail.com
PRO SE


Pro Se Litigant for Appellant
Cameron Thierry